And we move to the fourth case this morning, Midwest Bank v. Reinbold May it please the court, William McKenna for First Midwest Bank. Our issue this morning is a real different issue than what you've been hearing all along. It's does a financing statement adequately indicate, to use the words of revised Article 9, the collateral when it incorporates by reference a detailed collateral description from an unattached non-public security agreement. Now we think the resolution of that question depends upon understanding changes from the old Article 9 to the new Article 9 which became effective in Illinois in 2001. Old Article 9, 94021 is the section that governed the adequacy of your collateral description. And what it said was a financing statement is sufficient if it contains a statement indicating the types and describing the items of collateral. Now let's go to the revised Code 9502. A financing statement is sufficient only if it indicates the collateral covered by the statement. So what's new? What they've dropped is first of all the word contain is gone and second of all what's gone is indicate the is a real change. Comment 2, official comment 2 to 9504 says the following, an indication may satisfy the requirements of 9502A even if it would not have satisfied the requirements of former section 94021. So they're anticipating that they have liberalized the description of collateral in this revision to the Code. Now 9502 points us to 9504. 9504 in the amended Code again tells us that a financing statement sufficiently indicates the collateral if the pursuant to section 9108. Counselor let me kind of cut you to the heart here. So this portion of the Code treats financing agreements and security agreements, financing statements and security agreements differently right? A little bit. But the definitions, they've gotten them closer together under the revision. Yes I understand that. And you know this super general description can work in the financing context and not in the security context. But otherwise the definitions for describe including the objectively determinable language apply to both. That's right. So could a security agreement incorporate by reference from another document? Yes it could. And is that clear? There's no doubt about that. There's many cases even pre-Code that have allowed a security agreement to incorporate by reference from another specifically identified document. In fact the First Circuit's opinion in the to this case because it was decided under 9402, the old version of the Code, it says that. It says you could have incorporation by reference into a security agreement. But I think 9108 is the key Your Honor because 9504 tells us okay go to 9108. What does 9108 do? 9108 has a completely different approach. It says it's sufficient if it reasonably identifies what was described. And then it goes into how do you do that? Here's a safe harbor. There are six categories in that safe harbor. One is indicate the type. It's just like in 9402. I mean it's no longer mandatory, it's now permissive. Another is list the items. Again just like in 402 except no longer mandatory just permissive. And now we'll skip to six. Number six, any other method so long as the collateral is objectively determinable. And Your Honor here's where the error of the Bankruptcy Court lies. It doesn't say any other method if the collateral is objectively determinable from the face of the financial institution. No, but the trustee, I mean she has a point that the word describe isn't usually used when you incorporate by reference. That's really her point. She might not be right about that. Well I do think the drafters of the code would think differently. And I say that because of the difference in language between the first and the second and we submitted to the court some supplemental authority last week which in my mind is the closest thing that I have found to any sort of legislative history of 9108. It's an appendix to the series and what it said. But it's not by the drafters, am I right? It is by the drafters. It is by the drafters. It's not official, it's not part of the official, you know, commentation on the code but it's by a number of the drafters including the deceased Professor Hawkland. And at page 23 which we pointed out in our letter to the court it says the revised text conveys a strong message that collateral descriptions in financing statements should be deemed sufficient if they show a security interest is outstanding against some assets. That's enough to put a party on notice to make further inquiry. Was there any party who was not put on notice here? Is the trustee just saying this money stays with the debtor or is there some other creditor? There's no third party. There's no other creditor in line. This is a strong arm case, Your Honor. So a lot of these cases the competition is between two creditors. This is a competition between the trustee as a strong arm creditor. So back for a moment to 9108 though. I do want to talk a little bit about if collateral is objectively determinable. I don't think there should be any question that it is here because all you have to do is look at the security agreement. And that's not such an astounding prospect. I mean the Helms packaging case that was decided by this circuit, now it's not in the financing statement context, it's in the security agreement context. In that case, Judge Posner was saying, well a prudent creditor would have gotten a copy of the security agreement to make sure that what was in the financing statement really was properly done in the security agreement as well. So it's not an astounding comment and it's not difficult either. You could pick up the phone and you could call the creditor and ask the creditor for a copy of the security agreement. If the creditor said, oh gee, I don't have it, you've got 9-2-10. 9-2-10 is a method under the code that specifically permits a third party who had an interest in the scope of collateral security to use the debtor to contact the creditor and it requires that within 14 days that the secured party, the lender, has to provide an authenticated list of all of the collateral. And you know, just because it's non-public and you would have to use 9-2-10, there is absolutely nothing in the language of revised Article 9 or in the notes, the official comments, that requires that you on the face of the financing statement describe the collateral. In fact, what the comments do say is this, comment 2 to section 9-1-08 says, the test of sufficiency under the revised code is to make possible the identification of the collateral. So why would you write the code to say any other method if the collateral is objectively determinable, using that word determinable, which implies further inquiry, further work, or why would you say in the comments that the test is to make possible the identification of the collateral, and then as the bankruptcy court decides, say no, but it's no good if you don't have complete, self-contained, sufficient description. So the policy behind the revisions to Article 9 is to take the needle, which was already moving toward a notice system under the last major revision, and push it even further. Our briefs quoted at length those official comments, but those official comments really contemplate that further inquiry will be required. Mr. McKenna, give us some context here because we've got the bankruptcy court citing all of these different opinions, obviously both parties here are citing opinions all over the map from different jurisdictions, federal and state. I guess I'm surprised why there isn't a more set protocol as to the relationship between these documents. Is it because the fact circumstances of this particular case place us outside the norm as to how financing statements and security agreements usually relate? I would say not exactly, Your Honor. Here's what I would say. It goes back to my comment about the changes. The profession is really still coming to grips, even though this all happened in 2001, to the revised UCC Article 9. In the past, our case would have been difficult if not impossible because 9402 said you have to have in the statement, it has to contain indication of the type or a description of the items. That's out. That's gone. So the parties did cite a ton of cases to Your Honors, and I've got to say the vast majority of those cases are just irrelevant because they were mostly decided under the old Article 9. There's a handful of cases that were decided under the new Article 9, and not one of them involves this kind of specific incorporation by reference of the collateral description in a security agreement. You've got two cases of all the cases that were cited that are actually factually right on point, but they're both irrelevant because they're decided under 9402 of the old code. You've got the H.L. Bennett case from the Third Circuit, which was almost on all fours. They basically incorporated by reference an unattached non-public security agreement. The court said, hey, under 9402, you have to indicate the type or describe the items. You're out. And then you have the Puerto Rico case, which was just decided in January. Very big case, involved over a billion dollars was at issue there, and Puerto Rico didn't get around to amending their Article 9 until 2013, and the financing statement at issue there was filed in 2008. So it was again a 9402 case. In that case, they incorporated by reference a security agreement, attached it, but the security agreement itself described the collateral by further reference to an unattached resolution, and that was a public document but unattached. And again, the court said, well, 9402, your statement, your either an indication of the type or a description of the items of collateral. So really, those two cases are the two most factually similar, but they're legally irrelevant to this matter. And to your Honor's question, there really is nothing even close under the new UCC. There's one case called Duster House that was cited by the trustee that involves post revision, but in that case, what happened was the secured party tried to incorporate by reference from a prior financing statement that had lapsed, and the Illinois Secretary of State's office, where it had been filed, only kept them for one year. So the concern by the court there was, we really haven't identified anything because you referred back to a lapsed financing statement, whereas the difference here is we made a very specific reference. Our financing statement says collateral, all collateral, as described in that security agreement between debtor and lender dated as of blank. And we think, right there, all the debtor gets a security agreement. If he won't give it to you, make the debtor invoke rights under 9 to 10 and get the authenticated list of collateral. More basic, what's the reason for this amendment? For the amendment? To bring the Article 9 into more of a modern era, and as I was saying, one of their goals was to move the needle even further toward a true notice system. They wanted to simplify financing statements so that they redid 9.504 to allow you to either describe the collateral pursuant to 9.108 or say all assets. But you might say to me, well, why didn't you guys just do all assets? Well, the problem with all assets is the debtor has to authenticate the financing statement. And so if the debtor doesn't cooperate with you, and I don't know what happened here factually, but if the debtor doesn't cooperate with you, you can't say all assets under the code. So we would, I'm going to reserve a few minutes for my rebuttal, but we would ask the court. You're running out of time. I know. Maybe 30 seconds for my rebuttal. So we would ask the court to reverse the bankers' code. Thank you. May it please the court, I'm Andrew Covey, attorney for the trustee, Gina Reinbold in this case. With respect to your Honor's question about whether any actual creditor was injured, that's not necessary to prove. The trustee is deemed to be a hypothetical ideal judicially creditor. I understand that. I just wanted to get a sense of that. So there's no need to show actual damage. We feel under the clear language of the statute, 9502, clear language that this financing statement was not sufficient to perfect the bank's security interest. The 9502A3 requires a financing statement to indicate the collateral it covers. This financing statement indicates absolutely no property. No one looking at this financing statement would have any idea what the collateral was. Collateral is defined as property. No idea whatsoever. So this financing statement is no better than a blank financing statement. No, that's not true because it has the reference so you know exactly if inquiry notices the point. You see that there's a financing statement. You ask the debtor to provide the financing statement and the code provides a way of doing that. And then the financing statement indicates the collateral exactly. The financing statement doesn't indicate the collateral at all. The financing statement just refers to the security agreement. No, the security agreement does. I understand that. But the financing agreement identifies with specificity what this security agreement is. Any interested potential creditor can obtain a copy of that security agreement and then see. That's not true. Any creditor does not have a right to see this security agreement. Well, first of all, if a debtor wants me to lend money and I say, well, I want to see if this is free and clear, but I thought that there was a mechanism in the code that permitted. The debtor may not have the security agreement. Debtors typically do not keep security agreements. They're not required to keep. There is no requirement that a secured creditor provide the security agreement. There's a mechanism by which the debtor can request one, right? The debtor can submit a request under 9-2-10. 9-2-10, the debtor sends a list to the creditor of what he thinks the collateral is. And the creditor, the lender then has 14 days to respond to say, yes, that's correct. No, it's not correct. Here's what the collateral is, or we don't have any collateral, or we have all the collateral of a particular type. But there's no requirement for a lender to provide a copy of the security agreement to anybody. Right, but if you are a potential creditor, you are very foolish if you see the financing agreement that incorporates, by reference, a security agreement alerting you to the fact that there is some collateral there, and you don't ask the debtor for it, and then the debtor doesn't use this mechanism, the creditor would just walk away, right? The creditor would walk away, perhaps. The debtor probably would submit the request. But the question was, does the creditor, the subsequent lender, have an absolute right to see the security agreement? And he does not. But the debtor does, right? Well, no. 9-2-10 only requires the lender to respond to the debtor's request for a list of the collateral. Either that's correct, it's not correct, or we don't have any collateral, or we have all collateral of a particular type. The lender is not required under Section 9-2-10 to provide the debtor with a copy of the security agreement. And so that's what makes this argument absurd. 9-5-0-2 mandates a duty on a financing statement to indicate the collateral that it covers. How can that duty be met by referring to a security agreement which the lender has no duty to provide? Anyone who called this bank and said, can we see your security agreement? No. Obviously, that's an absurd, nonsensical result. Because how can you meet a duty by referring to something that you don't have to provide? So this provision in the code truly does not allow the debtor to get a copy of the security agreement itself? It doesn't say that. Just the list of collateral. I've read it many times, and what it says is he can submit a request, and then he gets what I've gone through. Yes, that's correct. No. We have all collateral of a particular type, or we don't have any collateral because we're no longer owed any money or whatever. But there is no right to obtain the security agreement. Would it be your position that there was an adequate indication or description of the collateral if the financing statement attached the security agreement to it? Yes, no doubt. And have exactly the same language that we have in this case, but it's attached. The purpose of a financing statement is to provide notice to the public, to subsequent creditors. Here is what property might be subject to the security interest. Where does the public get this information? You contact the Secretary of State. You send in a written request. I think it's a UC Form 11, and they respond, and they send you copies of the financing statements that have been filed. And that's the other problem with this. If you think it's ambiguous or possibly this is okay to do what the bank did in this case, you need to look at what the purpose of the statute is. The purpose of having a description of the collateral in the financing statement is to save time and therefore save costs and reduce the costs of secured transactions. Well, that's not quite right because the description can be pretty broad. Inquiry notice means there might be a need for more inquiry. It's not just notice of a possible lien. It's notice of the property that might be subject to the lien because if the financing statement describes the collateral, the creditor may be done. He doesn't need to contact the secured creditor and obtain a copy of the security agreement. And if it's 73 pages long and has to go through all that, he doesn't need to do a 9-2-10 request. As soon as he looks at that financing statement and he sees that his collateral is not covered, he can go on with his transaction. He doesn't care what the complete state of affairs is. He doesn't need to know. I give the example if you're going to make a loan secured by a single piece of equipment and you do the UCC search and you find three UCCs, one in inventory, one in accounts receivable, one in general intangibles. You're done. You don't need to call the creditor and get a copy of the security agreement. You don't need to do the 9-2-10 request. You're done because nobody can possibly come ahead. Those three financing creditors cannot possibly come ahead of you. You go ahead with your transactions. You've just saved time and you've reduced the cost of secured transactions. That's the primary goal of the UCC. We talk about the cases. There's not a single case out there that says a financing statement can incorporate the entire description of its collateral, of the collateral that it covers, from a security agreement, from a private document. Not a single case says that except one, the Bowser case, which was a case from 1961 from Pennsylvania, in which the referee said, yes, you can do that, even though the financing statement had no description. It referred to another document and the referee said that was okay. The bank admits that that case is wrong. And it is wrong because it didn't take into account the fact that if a financing statement describes the collateral, the search might end there. Now you've just saved yourself all that time and effort. You don't have to look at the security agreement. You don't have to do the 9-2-10. You're done. Other than that, there's no case that supports the bank's position. And the trustees cited numerous cases that are against the bank. The first case, which counsel did not mention, is the Scott State Bank case, which was decided by the Illinois Appellate Court in 1982. That case involved a security agreement, which referred to a, well, it was required to describe the real estate because it was a lien on crops. That financing statement said, see, security agreement for the real estate description. The court, in a very short opinion, said that's no good. You've got to have, the financing statement has to provide a notice of the race, the property, not just the person. That financing statement also said exactly where the financing statement, where the security agreement was, on file with the secured creditor. That wasn't good enough. It was a very short opinion. And it must be presumed that when the Illinois legislature adopted the Scott State Bank case, that it was aware of that decision, which is directly against the bank. The only difference is that that involved a real estate description, not a personal property description, but why would there be any difference? They should be treated, there's no reason to treat one differently than the other. Yet the legislature, when it enacted 9502, had intended to change, overrule the Scott State Bank case, it would have said so expressly. That's what the presumption is under Illinois law. It didn't say anything. This would be if the legislature intended to do away with the requirement that a financing statement contain a description of the collateral and therefore reduce the cost of secured transactions. That's a fundamental change, and they would have said something. They wouldn't have done it impliedly. In fact, under the old code, there was a section 1104 that said there is no repeal by implication where it can be reasonably avoided. The requirement of a financing description should not be overturned by implication. If they had intended to do that, they would have said so like they did with the all assets description. Also, I'm not aware there's no requirement that a financing statement be signed by the debtor. That used to be the law. It's no longer the law. Counsel, I'd like to go back to 9210 for a minute. Okay, sure. So even if, I mean, you're right, that the provision does not provide a mechanism where it says in so many words you have to have the security agreement, but you do have to get the security agreement and a reasonable description of the nature of the transaction that gave rise to the potential interest on the part of the creditor. It says you need to be notified of the nature of the transaction, but it doesn't say you're entitled to a contract. No, I understand, and I agree with you. It doesn't say that you actually get the agreement. But if the financing statement says all collateral listed in such and such a security agreement and the debtor wanting to get credit then goes to the prior creditor and says, I want to know what collateral this is so that he can provide notice to those who are asking about it, he still can get a list of the collateral that was the subject of that transaction and provide that collateral to the inquiring party. That's correct, but the bank's financing statement doesn't say this covers all collateral that could be obtained pursuant to 9210. It says the collateral is described in a security agreement and has no duty to provide that security agreement. Right, but it has a duty to provide a list of the collateral that the security agreement references. But 9502 doesn't say that a financing statement is sufficient if it, along with whatever information can be obtained by 9210, indicates the collateral. No, but it says if it's objectively determinable. That's 9108b-6. But that's the relevant phrase here. This description does not provide an identification which is objectively determinable. Why is it objectively determinable? Because it refers to a security agreement that the bank doesn't have any duty to provide. No, it refers to collateral listed in the security agreement, and you can get the list of collateral. It says collateral described in the security agreement. You can get the list of the collateral. But again, we're talking about a lot of time. In fact, as the Bennett case said, as he cited, the Bennett counsel cited the Bennett case, if you're going to force creditors, subsequent creditors on every occasion, they're always going to have to do more than look at the financing statement. It will never end with the financing statement if this practice is approved. That's going to increase the cost of secured transactions. The Bennett case said it would substantially increase. The Kirk Cabinets case said that it would impose a ridiculous and cumbersome burden on commerce if every time they're going to have to do more searching than just look at the financing statement. And that's the whole purpose of the financing statement is to shorten the time it takes to do a secured transaction. It might be done, but all you have to do is look at the financing statement. And there are other cases which have held that you cannot refer to a security agreement in the... The name of this case, but one case cited in the brief said the collateral was a general business security agreement. And that case was held to be not good, not a sufficient description because it doesn't tell you what's in the security agreement. The Lexington Hospitality case described the date and gave the title of the security agreement. That was no good. The financing statement's got to tell you what the property is, not tell you, well, we don't have it here. You can go get it somewhere else. No, it has to be in the financing statement. This financing statement that the bank filed gives a subsequent searcher no more information than... And I go back to my example, than a blank does. When you see a blank financing statement, you know the creditor, you know the debtor, you know there's probably a security agreement out there, and you know how to get it. That's exactly what this tells you. You know the debtor, you know the creditor, you know there's a security agreement, you know how to get it. But you don't know what it is, and that's the whole point of a financing statement is to shorten this. Also, the bankruptcy court relied on the ad justem generis doctrine, which should apply in this case. 9108B1 through B5 describe five different ways that collateral can be described in a financing statement. So 9108B6 should be held to refer to other such methods, and not a method that's completely different, which we'd be incorporating a description from a public... Excuse me, a private document. Also under the new code was a berival case. In that case, the financing statement referred to a farm lease on specific property. No good. Doesn't indicate what the property is. It's no good. We're not going to require creditors to always do subsequent searches. As far as the change in the word contains, the title of 9502 is contents of financing statement, i.e., what does a financing statement have to contain? That's what I understand contents to mean. So the title of the statute indicates that a description is required. As far as the comment goes, the one comment to 95042 does say certain methods under the new statute may not have been acceptable under the old. Well, yes. The new statute added description by quantity, description by category, description by computational or allocational formula or procedure. Those are all new. And it added the objectionably determinable. But that doesn't mean that the comments authorized incorporation by reference from a private document that the subsequent creditor has no right to see. When you look at the plain language of the statute, the tools of construction, if you think it's ambiguous, the fact that there's not a single case that supports the bank's position, there are many cases which support the trustee's position, both under the current and the former law. I do not think that there's any possibility that this financing statement is correct or was sufficient. We ask that the bankruptcy court opinion be affirmed. Thank you. Thank you, Counsel. Counsel, I'll give you another 30 seconds. Oh, thank you, Your Honor. I'll try to stay within a minute. The main comment I want to make is I listened extremely carefully to Counsel and all his arguments, and he's doing a great job, obviously. But when you really listen to Counsel's argument, he wants 9402.1 back. That's what he wants. He wants the financing statement to be required to contain a statement either indicating the types or describing the items. That's every one of his arguments. And the cases he cites, Scott State Bank, pre-code revision, irrelevant, also has a very specific clause that says where you have crop security interest, you must in the statement describe the real estate. So that's irrelevant. I think Counsel also talked about the Brevival case, which is a post-revision case. That's a case about a completely misleading financing statement. In other words, somebody had a financing interest in crops being grown on a leased farm, and instead of saying crops or, you know, see the lease agreement between so-and-so and so-and-so as of this date, it said farm lease in the collateral description. Very misleading. So, really, I concede there is no case that controls. In fact, the bankruptcy court said in its opinion, this is a question of first impression. And I would urge the court to think about the changes that the drafters of Article 9, and that's not the Illinois legislature. They adopted Article 9 wholesale with no changes whatsoever. What did the drafters of Article 9 intend to do? And I think the Hawkland quote we supplied as supplemental authority tells the court what it needs to know. Thank you. Thank you, counsel. Thanks to both counsel, and the case will be taken under advisement.